JOHN N. PHILLIPS v. STATE OF NEBRASKA.

FILED OCTOBER 7, 1924.   No. 23848.

1. **Rape:** INSTRUCTIONS. In a prosecution for rape, it is not error for the court to instruct the jury that, if it found that the defendant made the assault with intent to commit rape, but did not complete the act, in such case, the jury might find him guilty of an assault with intent to commit rape.

2. **Evidence** examined, and *held* that the court did not err in overruling defendant's motion for a new trial.

ERROR to the district court for Pawnee county: JOHN B. RAPER, JUDGE.   *Affirmed.*

*R. J. Organ, E. R. Otis,* and *William P. Welch,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Lee Basye, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, GOOD and THOMPSON, JJ.

DEAN, J.

John N. Phillips, age 43, was informed against in Pawnee county and there charged with having committed rape, June 22, 1923, upon the person of Blanche McKnight, under the age of 18 years, to wit, of the age of 15 years, and not previously unchaste. The jury found defendant guilty of assault with intent to commit rape as charged in the information. He was sentenced to the penitentiary for a term of three years. Defendant prosecutes error.

Defendant conducted a moving picture theatre at Table Rock and some other business enterprises. It appears that a sister of the complaining witness assisted defendant at his theatre stamping dates on picture show bills, and, on the day in question, defendant called at the home of the prosecutrix and requested her to come to the theatre, with her sister, and assist in the work. She consented, and when she came she testified that he induced her, under some pretext, to go with him behind the theatre curtains, and while there, after some talk with her about her height and weight, as compared with that of her sister, he stood her up against the wall and, with a tape line, proceeded to take measurements of her head, neck, arms, bust, waist, thigh and ankle, and the length of her legs. She said that he measured over her clothing for the most part, but to get her leg measurement he took undue liberties with her person.

Prosecutrix also testified that defendant showed her some pictures of nude women and told her that they had been taken at the theater studio, and when he proposed taking a picture of her in the nude she refused. Without objection the prosecutrix testified that he told her that another girl had there acceded to his unlawful request. But we do not find it necessary to set out in this opinion the details of complainant's evidence in respect of the actual commission of the offense.

It seems from the evidence of the prosecutrix that very shortly after the assault she went home crying and told

her mother about all that had happened, and that her mother immediately returned with her to the theatre, and on arrival there her mother said to defendant: " 'You ought to be ashamed of what you have done.' He says, 'I am ashamed.' He says, 'Come in, I will make it right with you.' She says, 'You will not make it right with me, you will make it right with the old man.' She says, 'I am going to have you arrested.' "

A physician testified on the part of the defendant, that he examined the person of the complaining witness soon after the commission of the alleged offense, and that he did not observe any disarrangement of her clothing, nor did he discover any thing that would indicate that the girl had been mistreated, as charged by the state. But he admitted that he left what he called a "wash" for the complainant to use, and told the family that they could use it if they thought, from what the prosecutrix said, that it was necessary to prevent a possible conception.

Defendant denied his guilt. But it is significant that in some respects his evidence was merely evasive. The sheriff testified that when he went to defendant's home to make the arrest, accompanied by the county attorney, defendant said, "If I have done anything wrong I must have been crazy," and that defendant volunteered this statement before a word was said by him, the sheriff, or any person, about the object of his visit. He also offered evidence tending to establish an alibi. On this point he testified that at the hour when the act is said to have been committed, he was at the home of a Mrs. Herr, in Table Rock, doing some electrical work for her, but Mrs. Herr testified that he was not then at her home and did not arrive there until more than an hour after the time when the crime was said to have been committed. This was a question for the jury.

The evidence of the prosecutrix and her mother is corroborated by disinterested witnesses, in respect of the presence of complainant and her mother at the theatre, but it is not contended that these witnesses heard what

was there said by either Mrs. McKnight or the defendant.

Defendant complains of the court's refusal to give the following instruction:

"You are instructed that any man taking indecent liberties with a woman without her consent is guilty of an assault upon her; and if you believe from the evidence submitted in this case, beyond a reasonable doubt, that upon the 22d day of June, 1923, the defendant. while alone with the complaining witness, Blanche McKnight, took indecent liberties with her, but did not have sexual intercourse with her, and desisted of his own volition, without intervention of circumstances independent of the will of the defendant, you should find the defendant guilty of an assault."

While we do not find it necessary to pass upon the merits of the tendered instruction, we do not hesitate to say that error cannot be predicated upon this assignment of error, in view of the fact that the court informed the jury that, if they found that the defendant made the assault complained of with intent to commit rape, but did not complete the act, in such case, the jury might find him guilty of assault with intent to commit rape. And it was of this offense that the jury found defendant guilty.

We have examined all of the assignments of alleged error presented by defendant. and upon examination we find they are without merit. The verdict is amply sustained by the evidence.

The judgment of the district court is

AFFIRMED.

Note—See Criminal Law, 16 C. J. p. 1180, sec. 2707; Indictments and Informations, 31 C. J. p. 860, sec. 503.